IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MESSERET TERZNEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02228-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION and JACOB TIGERT, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING
DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Messeret Terzneh sued Federal National Mortgage Association ("Fannie Mae") and Defendant Jacob Tigert (collectively "Defendants"). (ECF No. 1.) Defendants move to dismiss. (ECF Nos. 10 & 25.) Plaintiff has responded and now seeks to amend her complaint.[1] (ECF Nos. 11 & 28.) Defendants have responded. (ECF Nos. 30 & 33.) For the reasons below, the Court **DENIES** Plaintiff's motion to amend and **GRANTS** Defendants' motions to dismiss.

BACKGROUND

This is the latest suit in a seemingly endless effort to keep possession of a house. Plaintiff Messeret Terzneh sued Defendant Fannie Mae and Defendant Tigert, asserting claims related to the sale and possession of property located at 8878 Forest Glade Cove, Germantown, Tennessee 38139 (the "Property"). (ECF No. 1.) Plaintiff's husband, Fasil Kebede, brought

---

[1] Plaintiff responded only to Defendant Tigert's motion to dismiss. (ECF No. 11.) But Plaintiff responds to Defendant Fannie Mae's arguments for dismissal in seeking leave to amend. (ECF No. 28.)

three earlier lawsuits related to the foreclosure and sale of the same property.[2] *See Kebede v. SunTrust Mortgage, Inc.*, No. 2:11-cv-2700-SHL-dkv, 2014 WL 11515884 (W.D. Tenn. Dec. 30, 2014) ("Kebede I"); *Kebede v. SunTrust Mortgage, Inc.*, 2:16-cv-2227-SHL-dkv (W.D. Tenn. Sept. 27, 2016) ("Kebede II"); *Kebede v. SunTrust Mortgage, Inc.*, 2:17-cv-2684-SHL-dkv (W.D. Tenn. June 11, 2018) ("Kebede III"). Fannie Mae also sued Kebede in state court seeking possession of the Property. *Fed. Nat'l Mortg. Ass'n v. Kebede*, No. W2019-00227-COA-R3-CV, 2020 WL 7060019 (Tenn. Ct. App. Dec. 2, 2020) ("Kebede IV"). For more background, the Court will summarize the other cases about the Property.[3]

## I.    Kebede I

In May 2008, Kebede obtained a mortgage loan to buy the Property, after which SunTrust Mortgage, Inc ("SunTrust") took over the servicing rights of the loan. *Kebede I*, 2014 WL 11515884, at *2. Later, Kebede fell behind on his mortgage payments, and SunTrust started its first attempt to foreclose on the Property in June 2011. *Id.* Kebede sued SunTrust in July 2011, asserting claims for wrongful foreclosure and slander of title, and seeking to quiet title. *Id.* at *2–3. At first, Kebede also alleged fraud, but abandoned it in his amended complaint. *Id.* In December 2014, the court dismissed Kebede's complaint with prejudice for failure to state a claim. *Id.* at *1, *7. The Sixth Circuit affirmed. *Kebede v. SunTrust Mortgage, Inc.*, 612 F. App'x 839 (6th Cir. 2015).

---

[2]The proposed amendment adds Kebede as a plaintiff.  (ECF No. 28-1 at PageID 209.)
[3] The Court takes judicial notice of the prior decisions about the Property and considers them incorporated by reference into the complaint.  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

## II. Kebede II

After the dismissal of *Kebede I*, SunTrust sent another notice of foreclosure for the Property to Kebede (and Plaintiff) in February 2016. *Kebede II*, 2:16-cv-2227-SHL-dkv, ECF No. 32 at 3 (W.D. Tenn. Sept. 27, 2016). In March 2016, Kebede sued a second time seeking to enjoin SunTrust from holding the foreclosure sale, alleging fraud and unclean hands. *Id.* About six months later, the court dismissed Kebede's complaint because res judicata barred his claims. *Id.* at 6–8. The court held in its order that "any claims relating to enjoining the foreclosure of the Property are part of a 'series of transactions' occurring throughout the litigation of *Kebede I* that either were, or should have been, brought in the previous litigation." *Id.* at 8. Despite the court's admonition, the lawsuits continue.

## III. Kebede III

After the dismissal of *Kebede II*, SunTrust sent Kebede a notice advising him that it would hold a foreclosure sale of the Property in February 2017. *Kebede III*, 2:17-cv-2684-SHL-dkv, ECF No. 30 at 1, 4 (W.D. Tenn. June 11, 2018). SunTrust also published the advertisement in a newspaper of general circulation. *Id.* at 4. After the Property sold at the foreclosure sale, Kebede filed yet another lawsuit in state court against SunTrust, this time adding Fannie Mae[4] as a defendant, alleging that the notice SunTrust used to advertise the foreclosure sale was defective. *Id.* at 5. Kebede sought to set aside the sale and enjoin SunTrust and Fannie Mae from bringing a forcible entry and detainer action. *Id.* The court also noted that Kebede seemed to assert claims for retaliatory foreclosure and fraud. *Id.* at 1, 5. SunTrust and Fannie Mae

---

[4] According to Plaintiff's complaint, SunTrust conveyed its interest in the Property to Fannie Mae in February 2017. (ECF No. 1, at PageID 3.)

removed the case to federal court in September 2017. *Id.* Kebede moved to remand, and SunTrust and Fannie Mae moved for sanctions and to dismiss. *Id.* at 2.

The court denied Kebede's motion to remand, finding that subject-matter jurisdiction based on diversity existed. *Id.* at 6. The court also granted SunTrust and Fannie Mae costs and attorneys' fees under 28 U.S.C. § 1927 related to the motion, because Kebede lacked a reasonable basis for seeking remand. *Id.* at 7. Lastly, the court granted SunTrust's and Fannie Mae's motions to dismiss, finding that Kebede did not plead any facts showing noncompliance with Tennessee's notice of foreclosure requirements or provide any factual assertions to support his fraud claim. *Id.* at 9, 11. Finally, the court noted (again) that "to the extent [Kebede's] fraud claim relates back to either [*Kebede I* or *Kebede II*], it is barred by res judicata." *Id.* at 12 n.10.

## IV.   Kebede IV

In May 2017, seeking to end the litigation, Fannie Mae brought a forcible entry and detainer action against Kebede in the Shelby County General Sessions Court. *Kebede IV*, 2020 WL 7060019, at *1. That court ruled in Fannie Mae's favor and issued a detainer warrant in August 2018. *Id.* Kebede then appealed timely to the Circuit Court of Shelby County, and Fannie Mae moved for summary judgment. *Id.* at *1–2. In responding to the motion for summary judgment, Kebede submitted "correspondence from August 2018 concerning purchasing the home and an August 15, 2018 letter from a mortgage company stating that [Messeret Terzneh] met the financial requirements for a $610,000.00 loan; the letter noted, however, that it did not constitute final approval of a loan." *Id.* at *2 (footnote omitted).

The Shelby County Circuit Court granted summary judgment for Fannie Mae, finding "that the foreclosure was valid, that the Substitute Trustee's Deed granted title to Fannie Mae, and that Mr. Kebede was unlawfully in possession of the property." *Id.* That court then issued a

4

writ of possession in favor of Fannie Mae, and Kebede appealed that order in early 2019.[5]  *Id.*  The Court of Appeals of Tennessee affirmed in late 2020, stating that "the undisputed material facts demonstrate that Fannie Mae is entitled to summary judgment on its claim of possession to the subject property."  *Id.* at *6.  A few months later, the Supreme Court of Tennessee denied Kebede's application for permission to appeal.  *Fed. Nat'l Mortg. Ass'n v. Kebede*, No. W2019-00227-SC-R11-CV (Tenn. Apr. 8, 2021).  Not wanting to let go, Ms. Terzneh sued here five days later.

V.    **The Present Lawsuit**

In a last-ditch effort to stop Defendants from taking possession of the Property, Plaintiff sued here, less than a week after the Supreme Court of Tennessee denied Kebede's application to appeal in *Kebede IV*.  (ECF No. 1.)  Beyond describing the litigation addressed above, the complaint has sparse factual allegations.  Plaintiff alleges that in August 2018, Defendant Fannie Mae received "offers from [Plaintiff] to buy the Forest Glade Property" and "proof of funds and a financing letter."  (*Id.* at PageID 6.)  Plaintiff alleges that Defendant Fannie Mae ignored her offers and sold the Property to Defendant Tigert for about $526,000.  (*Id.*)  According to the complaint, "Fannie Mae sold the Forest Glade property . . . on January 25, 2019 to Defendant Tigert for Five Hundred Twenty Six thousand fifty dollars, almost one hundred thousand dollars less than the African Americans who had lived there and paid a second mortgage for ten years."  (*Id.*)  Plaintiff alleges civil conspiracy, race discrimination under 42 U.S.C. § 2000d, race discrimination under equal protection, race discrimination under 42 U.S.C. § 1983, and RICO violations under 18 U.S.C. §§ 1962(b)–(d).  (*Id.* at PageID 10–13, 16, 21.)  Plaintiff asserts all

---

[5] According to the complaint here, in March 2019, Kebede obtained an order allowing him to stay the writ of possession by posting a $500,000 bond, which he did.  (ECF No. 1 at PageID 6.)

claims against both Defendant Fannie Mae and Defendant Tigert. (*Id.*) Plaintiff seeks money damages and to enjoin Defendants from "attempting to evict or in any way remove [Plaintiff] from the real property." (*Id.* at PageID 26.)

Plaintiff now moves to amend her complaint. (ECF No. 28.) Plaintiff attached to her motion a proposed amended complaint, which seeks to add Kebede as a plaintiff.[6] (ECF No. 28-1.) The proposed amendment adds few factual allegations to the original complaint. But unlike the original complaint, the proposed amendment alleges that Defendant Tigert is white. (*Id.* at PageID 218.) The proposed amendment also abandons the RICO claims and adds claims for race discrimination under 42 U.S.C. §§ 1981, 1982 against both Defendant Fannie Mae and Defendant Tigert.[7] (*Id.* at PageID 217, 219.) The proposed amendment also claims civil conspiracy under 42 U.S.C. § 1985(3). (*Id.* at PageID 226.) The request for relief is unchanged in the proposed amendment. (*Id.* at PageID 239.)

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure permits amendment as a matter of course—if the pleading is one to which a responsive pleading is required—within twenty-one days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(B). In all other scenarios, a party seeking to amend must obtain written consent from the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts may freely give leave to amend "when justice so requires." *Id.*

---

[6] In an interesting twist, had Mr. Kebede sued from the outset here, the court clerk likely would have assigned this case to Judge Lipman who presided over *Kebede I–III* and dismissed them.
[7] The section of the proposed amendment asserting race discrimination under 42 U.S.C. § 1982 quotes the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, and discusses case law related to housing discrimination and disparate impact claims. (ECF No. 28-1 at PageID 220–23.)

But courts may deny leave to amend on many grounds, including "futility of amendment." *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 328 (6th Cir. 2020). "A motion to amend is futile where a proposed amendment would not survive a motion to dismiss." *Id.* at 329 (internal quotation marks and citation omitted).

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Court now applies this standard to Plaintiff's complaint and proposed amendment.

**LEGAL ANALYSIS**

I.    **The Proposed Amended Complaint**

The Court begins with the proposed amended complaint because, if permitted, the amendment supersedes the original complaint and becomes the "legally operative complaint" here. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). In other words, amendment would moot the motions to dismiss the original complaint.

    A.    **Race Discrimination Claims**

Plaintiff's proposed amendment alleges race discrimination under 42 U.S.C. §§ 1981 1982, 1983 & 2000d. (ECF No. 28-1 at PageID 217, 219, 230, 232.) It also alleges race discrimination under equal protection.[8] (*Id.* at PageID 231.) But the proposed amended complaint lacks factual support.

        i.    **Discriminatory Animus**

Many claims Plaintiff tries to assert here require her to allege discriminatory animus. For starters, "§ 1981 prohibits racial discrimination in both the making and enforcement of contracts." *Lindsay v. Yates*, 498 F.3d 434, 441 (6th Cir. 2007) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)); *see also Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006) ("The statute prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors." (citation omitted)). And § 1982 prohibits "racial discrimination, private and public, in the sale and rental of property." *Kuerbitz v. Meisner*, No. 17-2284, 2018 WL 5310762, at * 5 (6th Cir. July 11, 2018) (quoting J*ones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437 (1968)).

---

[8] It is unclear from the face of Plaintiff's proposed amendment whether she intends to bring the equal protection claim under § 1983 or as a standalone claim.

To maintain a claim under either statute, a plaintiff must allege not only racial discrimination but also discriminatory intent. *See Moniz v. Cox*, 512 F. App'x 495, 501 (6th Cir. 2013) ("A § 1982 claim, like a claim under § 1981, requires that a plaintiff plead racial animus." (citations omitted)); *see also Kuerbitz*, 2018 WL 5310762, at * 5 (upholding the dismissal of a § 1981 claim because the complaint "contain[ed] no allegations of racial discrimination or that such discrimination prevented or impaired a contractual relationship," and of a § 1982 claim because the complaint "d[id] not allege that the defendants discriminated against [the plaintiff] on account of his race, much less that they did so to deprive him of his property."). The same applies to equal protection claims. *See Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) (finding that to state an equal protection claim, a plaintiff must "allege sufficient facts to show that a state actor intentionally discriminated against [him] because of membership in a protected class." (internal citation and quotation marks omitted)). And to claims under § 2000d (Title VI). *See Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014) (holding that "Title VI targets intentional discrimination only" and that "conclusory allegations of race discrimination are insufficient" to state a claim under Title VI).

The proposed amended complaint does not allege discriminatory conduct by Defendant Tigert, let alone any intentional discrimination. The lone factual allegation related to Tigert is that he bought the Property in January 2019. (ECF No. 28-1 at PageID 214.) And Plaintiff's lone allegation of discriminatory conduct by Defendant Fannie Mae is its refusal to sell her the Property (and the later sale to Tigert). (*Id.*) Most other allegations in the proposed amendment are conclusory.[9] For example, Plaintiff repeatedly alleges that Defendants "indicated racial

---

[9] Aside from conclusory allegations, the proposed amendment consists almost entirely of legal argumentation, as well as citations to and quotations from case law. This is improper in a complaint. *See Turner v. Merit Sys. Prot. Bd.*, No. 20-2613-SHL-tmp, 2021 WL 3852743, at *9

9

animus by and through their statements during the course of the representations, omissions and matters referred to in the facts section above." (ECF No. 28-1 at PageID 218, 224, 233.) This allegation provides no factual support for Plaintiff's claims. And Plaintiff provides no factual allegations of statements by either Defendant.

Similarly, Plaintiff alleges that Defendants "operated to discriminate against [Plaintiff] Terzneh and her family, as a result of [their] race[,] when [Defendants] resisted assisting in providing sale information to Terzneh and otherwise hindered her purchase of the Real Property and ultimately . . . sold it to a white male third party." (ECF No. 28-1 at Page ID 218, 224–25.) Although Plaintiff makes no distinction between Defendants, this allegation seemingly refers only to conduct by Defendant Fannie Mae. For example, Defendant Tigert did not sell the Property—he is the "white male third party" who bought it. But even so, this allegation is otherwise conclusory. As is the later allegation that "Defendants operated to discriminate against Plaintiffs, as a result of Plaintiffs' race[,] when they assisted and otherwise cooperated in depriving Plaintiff of her property." (ECF No. 28-1 at PageID 234.) No factual allegations support these assertions.

What is more, the proposed amendment repeatedly alleges that Defendants "knew or should have known" Plaintiff's race. (*Id.* at PageID 218, 224, 232.) Of course, without knowing Plaintiff's race, Defendants could not have *intentionally* discriminated against her. At bottom, the proposed amendment lacks factual allegations sufficient to establish discriminatory intent plausibly. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint

---

(W.D. Tenn. July 29, 2021), *report and recommendation adopted*, 2021 WL 3854841 (W.D. Tenn. Aug. 27, 2021) ("Legal arguments and citations are improper in a complaint and do nothing to support the plausibility of a plaintiff's claims."); *see also Moore v. McCalla Raymer*, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.").

that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." (citing *Iqbal*, 556 U.S. at 680–81)). The proposed amendment therefore fails to state a claim of race discrimination against either Defendant under § 1981, § 1982, § 2000d, or equal protection.[10]

### ii.  Claims Under § 1983

The proposed amendment tries to assert claims of race discrimination against both Defendants under § 1983. (ECF No. 28-1 at PageID 232.) To state a claim under § 1983, a plaintiff must allege "(1) that he was deprived of a right secured by the Constitution or federal laws; and (2) that the deprivation was committed by a person acting under color of state law." *Toth v. City of Toledo*, 480 F. App'x 827, 831 (6th Cir. 2012); *see also Yerkes v. Ohio State Highway Patrol*, 455 F. Supp. 3d 523, 534 (S.D. Ohio 2020) ("To state a claim under § 1983, a plaintiff must allege that a person acting under the color of state law deprived her of a constitutional right."). The factual allegations in the proposed amendment do not satisfy these elements.

The proposed amendment seeks to make a § 1983 claim based on Plaintiff's Fifth Amendment rights. (ECF No. 28-1 at Page233.) Plaintiff alleges that Defendants "joined together to disregard her constitutional right to housing" and "assisted and otherwise cooperated in depriving Plaintiff of her property." (*Id.* at 233–34.) And Plaintiff repeats the allegation that Defendants "indicated racial animus by and through their statements during the course of the

---

[10] The Court notes that Plaintiff cannot maintain a claim against Defendant Tigert under § 2000d because Title VI applies only to a "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. And so a plaintiff cannot state a Title VI claim against an individual defendant. *See Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 980 n.21 (E.D. Ky. 2018); *see also Smith v. Spalding Univ.*, No. 3:15-CV-00595-GNS, 2016 WL 3748522, at *2 (W.D. Ky. July 8, 2016) ("[I]ndividual defendants cannot be sued under Title VI." (citing *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996)).

representations, omissions and matters referred to in the facts section above." (*Id.* at 233.) Plaintiff never explains what statements she is talking about.

As stated above, this sort of conclusory allegation provides no factual support for Plaintiff's claims—the proposed amendment contains no factual allegations about any statements by either Defendant. What is more, the proposed amendment does not connect any of these conclusory assertions to factual allegations. The proposed amendment identifies no specific conduct by Defendant Tigert as violating Plaintiff's Fifth Amendment rights. And it is unclear whether Plaintiff bases her claim against Defendant Fannie Mae on its refusal to sell her the Property or its state court detainer action.[11]

But Plaintiff's § 1983 claims fail for a much simpler reason—neither Defendant is a state actor. *See Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020) ("Only claims against 'state actors' are eligible for relief under the statute." (citation omitted)). The Sixth Circuit has held that "Fannie Mae is not a state actor." *Rubin v. Fannie Mae*, 587 F. App'x 273, 274–75 (6th Cir. 2014); *see also Hurst v. Fannie Mae*, 642 F. App'x 533, 540 (6th Cir. 2016). Plaintiff therefore cannot maintain her § 1983 claim against Fannie Mae.

Defendant Tigert is a private individual, not a state actor. True enough, the proposed amendment states that Defendants violated Plaintiff's Fifth Amendment rights "[w]hile acting under color of state [law.]" (ECF No. 28-1 at PageID 233.) But merely stating that a defendant acted "under color of state law" does not make them a state actor. For starters, the proposed amendment does not identify any specific unconstitutional conduct by Defendant Tigert. In other words, Plaintiff does not allege what actions Defendant Tigert supposedly took under color

---

[11] Because Plaintiff fails to state a § 1983 claim against either Defendant, the Court need not address Defendant Fannie Mae's arguments about res judicata and collateral estoppel, or its statute of limitations argument.

of state law. And so the assertion that he acted under color of state law is meaningless without factual support. What is more, the proposed amendment contains no factual allegations showing that Defendant Tigert is a state actor or that he engaged in any conduct "fairly attributable to the state." *Howell*, 976 F.3d at 752; *see also Kalvitz v. City of Cleveland*, 763 F. App'x 490, 496 (6th Cir. 2019). Plaintiff therefore cannot maintain her § 1983 claim against Defendant Tigert.[12]

### B.   Fair Housing Act Claim

Moving on, the face of the proposed amended complaint does not make clear whether Plaintiff intends to assert a claim under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619. None of the six numbered counts in the proposed amendment reference the FHA. But below the heading for count two—race discrimination under § 1982—Plaintiff quotes the FHA and discusses case law related to housing discrimination and disparate impact claims. (ECF No. 28-1 at PageID 219–23.) The Court notes that similar standards apply to both § 1982 claims and FHA discrimination claims. *See Wells v. Rhodes*, 928 F. Supp. 2d 920, 932 (S.D. Ohio 2013); *see also Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). But each statute sustains a separate cause of action. *See Price v. Taylor*, No. 3:08CV420, 2011 WL 3843863, at *4 (N.D. Ohio Aug. 30, 2011) ("Section 1982 provides a private right of action for victims of housing discrimination separate from Fair Housing Act claims." (citing *Warner v. Perrino*, 585 F.2d 171 (6th Cir. 1978)).

The FHA provision Plaintiff cites is 42 U.S.C. § 3604(a). (ECF No. 28-1 at PageID 223.) This provision makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer,

---

[12] The Court notes that private persons can become state actors by conspiring with a state actor to violate a constitutional right. *See Wellman v. PNC Bank*, 508 F. App'x 440, 442 (6th Cir. 2012). But Fannie Mae is not a state actor, *see Rubin*, 587 F. App'x at 275, and Plaintiff has asserted no factual allegations of a conspiracy.

or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Because Defendant Tigert was the Property's buyer, not seller, Plaintiff cannot maintain a claim against him under § 3604(a). Even if Plaintiff intended to assert an FHA claim in the proposed amended complaint, the Court construes it as applying only to Defendant Fannie Mae.

The allegations in the proposed amendment bolster this conclusion. For example, Plaintiff alleges that the FHA "prohibits [p]ractices with an unjustified discriminatory effect such as the Fannie Mae decision made in August of 2018 and later in January of 2019 when Fannie Mae denied the sale to Plaintiffs and wrongfully sold the Forest Glade property to Defendant Tigert." (ECF No. 28-1 at PageID 222.) Plaintiff also alleges that Defendant Fannie Mae's refusal to sell the Property to Plaintiff "has had a discriminatory effect" on Plaintiff and her family. (*Id.* at PageID 223.) These allegations attribute allegedly wrongful conduct only to Fannie Mae.

"[T]he FHA prohibit[s] intentional discrimination, known as disparate treatment, as well as 'practices that are not intended to discriminate but in fact have a disproportionately adverse effect' on a protected class, known as disparate-impact claims." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). The proposed amendment classifies Plaintiff's FHA claim as alleging a disparate impact. (ECF No. 28-1 at PageID 223.) For starters, the proposed amendment cites the standard for showing a prima facie case of disparate impact. (*Id.*) And Plaintiff alleges that Defendant Fannie Mae's refusal to sell her the Property had a "discriminatory effect" on her. (*Id.*) What is more, Plaintiff later alleges that Defendants "knew or should have known the

14

Plaintiff Messeret Terzneh and her family were members of the African American race," and that Defendants "operated to discriminate against Plaintiff Messeret Terzneh and her family." (*Id.* at PageID 224.) Plaintiff never alleges *how* Fannie Mae was supposed to know her race. Again the proposed amended complaint is long on conclusions but lacking factual support. Of course, without knowing Plaintiff's race, Defendant Fannie Mae could not have intentionally discriminated against her.

But "to show disparate impact, a plaintiff must demonstrate that a facially neutral policy or practice has the effect of discriminating against a protected class of which the plaintiff is a member." G*raoch Assocs. # 33, L.P. v. Louisville/Jefferson Cnty. Metro Human Relations Comm'n*, 508 F.3d 366, 371 (6th Cir. 2007) (citation omitted). Plaintiff does not identify any policy or practice in her proposed amendment. *See Ayers v. Multiband Field Servs., Inc.*, No. 13-10765, 2013 WL 5244918, at *3 (E.D. Mich. Sept. 18, 2013). In essence, Plaintiff's claims stem from a single act—Fannie Mae's alleged refusal to sell Plaintiff the Property. Plaintiff therefore cannot state a disparate impact claim because her proposed amendment "is devoid of allegations that anyone other than [her] is affected by the [defendant's] challenged conduct." *Wallace v. Greystone at the Highlands Ass'n*, No. 1:19-cv-1045, 2020 WL 6709743, at *4 (W.D. Mich. Nov. 16, 2020).

And Plaintiff cannot state a disparate treatment claim either, because doing so requires alleging facts sufficient to establish discriminatory intent plausibly. *See id.* at *3; *see also Hollis*, 760 F.3d at 539 (stating that "a disparate-treatment claim requires the plaintiff to establish discriminatory animus"). As stated above, the proposed amendment provides only conclusory allegations of discriminatory animus. *See HDC, LLC*, 675 F.3d at 613 ("A complaint that

15

includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." (citing *Iqbal*, 556 U.S. at 680–81).

Based on the above, the Court finds that amendment is futile as to Plaintiff's FHA claim.

### C.  Civil Conspiracy Claim

There is more. Plaintiff also tries to assert a civil conspiracy claim under 42 U.S.C. § 1985(3) in the proposed amended complaint. (ECF No. 28-1 at PageID 226.) That statute "creates a cause of action for a conspiracy between two or more persons to deprive another of the equal protection of the laws." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019). But "[t]o state a claim under § 1985(3), a plaintiff must allege: '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of C & J v. Scott*, 463 U.S. 825, 828–29 (1983)). And "[t]he plaintiff must allege that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Moniz*, 512 F. App'x. at 499–500 (internal quotation marks and citations omitted).

To support this claim, Plaintiff alleges that Defendants "worked together to violate Tennessee Law and conspired with other Defendants to violate Federal civil rights law." (ECF No. 28-1 at PageID 228–29.) In a typical passage, Plaintiff also alleges that "Defendants are reasonably believed to have worked together to accomplish the unlawful purpose of depriving Plaintiffs of constitutional rights held under Tennessee and Federal Law, and/or committing torts under Tennessee law, and/or otherwise causing Plaintiffs losses and damages as more fully

16

described in the other parts of this Complaint." (*Id.* at PageID 229.) These allegations are not only conclusory but also difficult to understand. Plaintiff does not plausibly establish any of the elements of a claim under § 1985(3). The proposed amendment contains only conclusory allegations of a conspiracy and lacks any factual allegations related to discriminatory animus. The Court therefore finds that amendment is futile as to Plaintiff's claim under § 1985(3).

Based on the above, the Court finds that amendment would be futile and therefore **DENIES** Plaintiff's motion to amend.

## II.     The Original Complaint

### A.     Discrimination and Civil Conspiracy Claims

Plaintiff's original complaint here tries to assert civil conspiracy and claims of race discrimination under § 2000d, equal protection, and § 1983. (ECF No. 1 at PageID 10–13.) Plaintiff repeated these claims in the proposed amended complaint. And the original complaint does not include any factual allegations absent from the proposed amendment. The analysis in the section above therefore applies equally to these claims as presented in the original complaint.

Based on the analysis above, the Court finds that the complaint fails to state a claim of civil conspiracy or race discrimination. The Court therefore **GRANTS** Defendants' motions to dismiss these claims.

### B.     RICO Claims

The only claims Plaintiff asserted in the original complaint missing from her proposed amendment are RICO claims under 18 U.S.C. §§ 1962(b)–(d). (ECF No. 1 at PageID 16–22.) Not for nothing did Plaintiff abandon these claims in her proposed amendment.

The complaint includes no allegations under the § 1962(b) heading. (*Id.* at PageID 16.) The only text under this heading states that Plaintiff "re-allege[s] and incorporate[s] all of the

above allegations as if fully stated verbatim herein." (*Id.*)  This cannot survive a Rule 12(b)(6) motion to dismiss—Plaintiff identifies no factual basis for this claim.  *See Iqbal*, 556 U.S. at 678.  The Court therefore finds that the complaint fails to state a claim under § 1962(b).

"To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead facts that would plausibly demonstrate '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006)).  Plaintiff's conclusory allegations satisfy none of these requirements.  But the Court need not analyze each element, because a plaintiff cannot establish a "pattern of racketeering activity" by alleging "a single scheme targeting a single victim."  *Id.*  Plaintiff therefore fails to state a claim under § 1962(c).

Lastly, § 1962(d) prohibits conspiring to violate any other subsection of § 1962.  *See Huang*, 346 F. Supp. 3d at 980.  The complaint contains no factual allegations of a conspiracy between Defendants.  Instead, "Plaintiff pleaded the conclusory allegation that the Defendants conspired without pleading the elements of a conspiracy." *Id.* at 982 (internal quotation marks and citation omitted).  And so Plaintiff's original complaint fails to state a claim under § 1962(d).

The Court therefore **GRANTS** Defendants' motions to dismiss these claims.

**CONCLUSION**

Based on the above, the Court **DENIES** Plaintiff's motion to amend and **GRANTS** Defendants' motions to dismiss. The Court therefore **DISMISSES** the complaint **WITH PREJUDICE**.

**SO ORDERED**, this 4th day of October, 2021.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE